UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:12-CV-805 (CEJ) ) |
| COMMERCIAL DRYWALL CONSTRUCTION, LLC. | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to compel an accounting following an entry of default against defendant, Commercial Drywall Construction, LLC. Defendant was served with a summons and a copy of the complaint on May 15, 2012, and has not filed an answer or otherwise appeared in this matter. On July 5, 2012, the Clerk of Court entered default against defendant.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are Carpenters' District Council of St. Louis (the Union), three employee benefit plans (the Pension, Welfare, and Vacation Trusts, collectively, the Funds), and their trustees. According to the complaint, defendant is party to a collective bargaining agreement with Carpenters District Council of Greater St. Louis. The complaint states that defendant failed to contribute to the Funds and other entities, to forward deducted dues to the Union, and to furnish monthly statements of employees' hours from which the amount of contributions and

dues owed to the Fund and the Union may be computed. The Agreement authorizes the Union and trustees to conduct an audit, absent which plaintiffs will be unable to determine the full amount owed to them. Plaintiffs now move for an order to compel accounting from the period of November 23, 2010 to date.

Plaintiffs submit the affidavit of Juli Laramie, controller for the funds. Ms. Laramie states that, on November 23, 2010, defendant executed an agreement to be bound by the 2008-2013 collective bargaining agreement with the Union. Pl. Ex. 1 [Doc. #5-2] and Pl. Ex. 2 [Doc #5-3]. The collective bargaining agreement requires Commercial Drywall pay fringe benefit contributions, submit monthly reports showing hours worked by covered employees, and pay liquidated damages and interest on delinquent contributions as well as the Fund's attorneys' fees and court costs. The agreement authorizes the Funds to audit the employer's records.

Rule 55(b)(2)(A) of the Federal Rules of Civil Procedure allows a court to enter an order compelling an accounting when necessary to enter or effectuate a judgment. In the present case, the plaintiffs cannot determine the full amount of unpaid contributions and liquidated damages that are owed to them without conducting an audit of the defendant's books and records for the period from November 23, 2010 through present. The information obtained through the audit is necessary to enable the Court to enter judgment in the correct amount and, therefore, the plaintiffs' motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a default order to compel an accounting [Doc. #5] is **granted**.

**IT IS FURTHER ORDERED** that, not later than **September 25, 2012** defendant, Commercial Drywall Construction, LLC, shall produce for inspection by plaintiffs all books, ledgers, payroll records, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to employees of Commercial Drywall Construction, LLC, for the period beginning November 23, 2010, through present.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this order to defendant, Commercial Drywall Construction, LLC, by regular and certified mail, at the following address:

>Commercial Drywall Construction, LLC
>5920 Thomas Estates Drive
>Hillsboro, Missouri 63050

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of August, 2012.