UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF ) <br> GREATER ST. LOUIS AND VICINITY, ) <br> et al., ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     vs. ) <br> ) <br> COMMERCIAL DRYWALL ) <br> CONSTRUCTION, LLC., et al. ) <br> ) <br>     Defendant. ) | Case No. 4:12-CV-805 (CEJ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to compel an accounting following entry of default against defendant Commercial Drywall Corporation. Defendant was served with a summons and a copy of the complaint on March 4, 2013, and has not filed an answer or otherwise appeared in this matter. On April 11, 2013, the Clerk of Court entered default against defendant.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are Carpenters' District Council of St. Louis (the Union), three employee benefit plans, and their trustees. Plaintiffs initially brought this action against Commercial Drywall Construction, LLC, as a party to a collective bargaining agreement with the Union, and obtained a default order of accounting against that defendant on July, 5, 2012. Subsequently, plaintiffs learned that one of the principals of Commercial Drywall Construction, LLC, Thomas Wilkerson, created a new company with a nearly identical name, Commercial Drywall Corporation.

Pl. Ex. 1 [Doc. # 17-1] and Pl. Ex. 3 [Doc. #17-1]. Plaintiffs amended their complaint to name Commercial Drywall Corporation as a defendant, as an alter ego of defendant Commercial Drywall Construction, LLC. Plaintiffs now move for an order to compel accounting from Commercial Drywall Corporation from the date of its creation, July 11, 2012, to present.

Rule 55(b)(2)(A) of the Federal Rules of Civil Procedure allows a court to enter an order compelling an accounting when necessary to enter or effectuate a judgment. In the present case, the plaintiffs cannot determine the full amount of unpaid contributions and liquidated damages that are owed to them without conducting an audit of the defendant's books and records for the period from July 11, 2012 through present. The information obtained through the audit is necessary to enable the Court to enter judgment in the correct amount and, therefore, the plaintiffs' motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a default order to compel an accounting [Doc. # 20] is **granted**.

**IT IS FURTHER ORDERED** that, not later than **May 13, 2013**, defendant, Commercial Drywall Corporation, shall produce for inspection by plaintiffs all books, ledgers, payroll records, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to employees of Commercial Drywall Corporation, for the period beginning July 11, 2012, through present.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendants, Commercial Drywall Construction, LLC, and Commercial Drywall Corporation, by regular and certified mail, at the following addresses:

>Commercial Drywall Construction, LLC
>5920 Thomas Estates Drive
>Hillsboro, MO 63050
>
>Commercial Drywall Corporation
>5920 Thomas Estates Drive
>Hillsboro, Missouri 63050

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2013.