UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   No. 4:12-CV-805 (CEJ) |
| COMMERCIAL DRYWALL CONSTRUCTION, LLC., et al., | ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendant Commercial Drywall Construction, LLC., pursuant to Rule 55(b)(2), Fed.R.Civ.P. The defendant has not filed a response and the time allowed for doing so has expired.

**I.    Background**

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are Carpenters' District Council of St. Louis (the Union), three employee benefit plans (the Pension, Welfare, and Vacation Trusts, collectively, the Funds), and their trustees. Defendant Commercial Drywall Construction, LLC is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA. Plaintiffs allege that defendant failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement. In their motion, plaintiffs seek $81,734.27 in

delinquent contributions for the period of the fourth quarter of 2011 through the second quarter of 2012.

The summons and a copy of the complaint were served on defendant on May 15, 2012. Defendant did not file an answer or other responsive pleading and, on July 5, 2012, the Clerk of Court entered default against defendant. On August 28, 2012, the Court issued a default order to compel accounting, and defendant ultimately submitted to an audit. Plaintiffs now move for default judgment based on the results of the audit.

II.    Discussion

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On November 23, 2010, defendant entered into an agreement to be bound by the terms of the 2008-2013 collective bargaining agreement between the Carpenters' District Council of Greater St. Louis & Vicinity and the Missouri/Illinois Independent Building Contractors, until April 30, 2013. [Doc. #5-3]. The collective bargaining agreement requires defendant to pay fringe benefit contributions through the purchase of fringe benefit stamps. [Doc. #5-2, at § 5.05].

Plaintiffs submit the affidavit of Juli Laramie, an accountant and the controller for the employee benefit funds affiliated with the Carpenters' District Council, and exhibits showing the results of a payroll audit for the period of the fourth quarter of 2011 through the second quarter of 2012. These exhibits establish that, for this period, defendant owes $81,734.27 in unreported contributions.

Based on the documentation and affidavit submitted by the plaintiffs, the Court finds that defendant Commercial Drywall Construction, LLC, was bound at all relevant times by a valid CBA and that it breached its obligations by failing to timely pay or report the required contributions.  Plaintiffs have established that Commercial Drywall Construction, LLC, is liable to them for a total of $81,734.27 in delinquent contributions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #27] is **GRANTED**.

A separate judgment in accordance with this Memorandum and Order shall be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of June, 2013.